**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | Case No. 11-CR-0020-001-JHP | |
| ) | | |
| **DOROTHY LYNN WORTHAM,** ) | USM Number: 11563-062 | |
| ) | | |
| **Defendant.** ) | | |

**OPINION AND ORDER**

Before the Court is the motion of defendant for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(B), asserting that extraordinary and compelling reasons exist which warrant a reduction in sentence. The defendant argues that due to the nature of her instant federal conviction, she is not eligible for the reduction in sentence, pursuant to 18 U.S.C. § 3621(e)(2)(B).

On April 26, 2011, defendant entered a guilty plea to count four of the indictment charging possession of a firearm in furtherance of drug trafficking crimes and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). On September 14, 2011, the defendant was sentenced to a forty-eight month term of imprisonment with a recommendation by the Court that she be evaluated for placement in the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP).

A reduction in sentence upon completion of the RDAP program is based on qualification as a nonviolent offender and successful participation as determined by the Bureau of Prisons (BOP). See 18 U.S.C. § 3621(e)(2)(A) and (B), and BOP Program Statement Nos. PS 5162.02, and PS 5331.01, §§ 5, 6 (September 29, 2003). The defendant's instant conviction is classified as a crime of violence, thereby precluding eligibility for a reduced sentence for RDAP participation under § 3621(e)(2)(B).

The Court interprets defendant's motion as a request to modify an imposed term of imprisonment to an extent permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. Generally, entry of a criminal judgment is final. A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction. District courts do not have inherent jurisdiction to modify a sentence at any time. See U.S. v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). See also 18 U.S.C. § 3582. The provisions contained in § 3582 are not satisfied by defendant's motion to modify the judgment. The defendant has not provided any facts or reasons by which this Court has jurisdiction to amend the sentence as ordered in the original judgment. Accordingly, this Court is without authority to modify the judgment based on defendant's motion.

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence (Docket No. 49) is **dismissed for lack of jurisdiction**.

**DATED** this 16th day of July, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma